Mar. 20, } 1876. }                    STEVENSON *v.* WIGGIN.

*Construction of grant.*

In a warranty deed of land was the following clause: "Also conveying the right to draw water from any and all the springs on said Clement's [the grantor's] land, easterly and above the aforesaid described premises, with the right to conduct the same by aqueduct to said premises, for all uses or purposes forever."

*Held*, that the grantee was entitled to take all the water from the springs, provided the same was in good faith required for use on the granted premises.

---

* SMITH, J., having tried the cause as referee, did not sit.

*Held,* that the grantee was entitled to make such reasonable arrangements about the springs as were reasonably necessary to enable him to use all the water.

TRESPASS, *quare clausum.* The writ was dated January 26, 1874, and alleged the breaking up of the plaintiff's soil and grass, and the construction of reservoirs and cisterns upon his land.

Pleas : (1) the general issue ; (2) *actio non,* justifying under a grant of a right to draw water from all the springs on the *locus in quo* adjoining the plaintiff's land on the east, and to convey the same by aqueducts to the defendants' premises, for all uses and purposes forever ; to enter the plaintiff's close for that purpose, and to do all things thereon necessary for a reasonable enjoyment of the easement thus conveyed ; that the alleged trespass consisted in the practical exercise (without unnecessary damage to the plaintiff) of the rights thus conveyed.

The defendants also filed a brief statement covering the same ground of defence.

The plaintiff replied, traversing all the allegations of defence, and issues were joined.

The plaintiff's grantor, whose rights the plaintiff has, conveyed to the defendants' grantor, whose rights the defendants have, by warranty deed dated October 30, 1824, a certain parcel of land adjoining the *locus in quo,* said deed containing, after the description of the land, the following clause : " Also conveying the right to draw water from any and all the springs on said Clement's land, easterly and above the aforesaid described premises, with the right to conduct the same by aqueduct to said premises, for all uses or purposes forever."

The alleged trespasses were done by the defendants for the purpose of taking the water under the above grant from the *locus in quo,* which is the land lying easterly and above the said granted land, and was in the possession of the plaintiff during the time of the acts complained of.

At the time of the conveyance there were no erections on either parcel of land, and the springs, of which there were two, were in their natural state. There is now upon the land conveyed an extensive glue factory ; and there have been works for the manufacture of sandpaper, which were destroyed by fire.

The defendants have erected on the land two reservoirs, one at the upper spring and one at the lower, the upper one being about nine feet square, and the lower one about twelve feet in diameter. The walls are about eight inches thick, and they are banked up on the outside by gravel brought unto the land by the defendants. The reservoirs have been covered over to keep out sticks and leaves, and the water stood in the upper reservoir, on August 3, 1874, four feet deep, and in the lower reservoir nine feet deep. The defendants have dug up the soil of the plaintiff in constructing these reservoirs.

The case was tried by the court, who found, upon all the evidence,

that the defendants entered upon the *locus* for the purpose of boxing up and enclosing said springs in order to obtain a greater head and supply of water, and for the purpose of drawing the water from the springs thereon and conducting it by means of aqueducts to their own close, being the close granted by the deed of October 30, 1824 ; that they then, and ever since, intended to use the water only upon those premises, and for legitimate business purposes thereon ; that it was so used, and was used nowhere else ; that no more was used than was necessary for the purposes heretofore described ; and that nothing was done by the defendants which was not done for the purpose of carrying out the objects for which their entries upon the *locus* were made, namely, the drawing and conducting the water according to what they understood to be the terms of the deed whereby the easement was conveyed.

The court also found that whatever was done by the defendants after their entry upon the *locus*, with the intention and purpose aforesaid was both reasonable and necessary for the exercise and enjoyment of the rights granted, and to which they had succeeded, namely, the right to draw and conduct water to their premises, in accordance with the terms of the original deed before mentioned ; and that in whatever they did, which is the subject-matter of the alleged trespasses, the least possible damage was done to the plaintiff, consistent with the reasonable use of the defendants' rights.

The conclusions of law found by the court were, that the plaintiff could not maintain his suit, for the reason that, in whatever acts of the defendants consist the alleged trespasses, they did no more than they were authorized to do under their deed before mentioned.

Moreover, if the plaintiff had a cause of action by reason of the construction of the reservoirs, or any other act which might be deemed an excess or abuse of the authority conferred by the grant of the " right to draw water," the defendants would not be liable in trespass *quare clausum*, the entry being under express authority in fact. If the plaintiff would recover damages for any of the acts done after entry, he must bring case or trespass in some other form, and not trespass *quare clausum fregit*.

To the foregoing rulings in law the plaintiff excepted, and the questions arising on the case were transferred to this court for determination, by FOSTER, C. J., C. C.

*Wheeler, Hall,* and *Small,* for the plaintiff.

1. The rights of the defendants are derived from a special grant, and they are to be measured by its stipulations. In construing this grant, the condition of things at the time it was made are to be considered. Angell on Watercourses, sec. 144, and cases cited ; *Goddard* v. *Drake,* 11 Met. 98 ; *Stanwood* v. *Kimball,* 13 Met. 526 ; *Dyer* v. *Sanford,* 9 Met. 395 ; *Dove* v. *Burt,* 1 Tenn. 701 ; *Salmon Falls Co.* v. *Portsmouth Co.,* 46 N. H. 249 ; *Adams* v. *Frothingham,* 3 Mass. 352 ; Angell on Watercourses, secs. 148, 149 ; BELL, J., in *Dunklee* v. *Railroad,* 24 N. H. 507 ; Angell, secs. 146, 148.

2. The grant gives the right only to draw water from the springs, and to enter and put down an aqueduct through which to draw it. It was a right to take water from the springs in the condition in which they were, but not to do anything to the springs; leaving the springs under the control of the grantor, and not the right to take all the water. Angell, secs. 152, 176; *Bean* v. *Coleman,* 44 N. H. 543; *Maxwell* v. *McOtee,* 9 B. Mon. 20; DAVIS, J., in *Garland* v. *Hodson,* 4 N. H. 511; Angell (6th ed.), page 261, *n.* 3.

3. The grant gave no right to pen up the water or confine it in reservoirs on the plaintiff's land.    Angell, sec. 144, *a;* 1 Kent 419; *Bean* v. *Coleman, ubi supra; Walker* v. *Stewart,* 18 Law Rep., N. S., 396.    The doctrine of reasonable use cannot aid the defendants, for it cannot be extended to embrace what was not granted. Amongst other cases, the following were cited: Angell, sec. 147; Washburn on Easements 80, 242, 247; *Dryden* v. *Jepherson,* 18 Pick. 392; Hilliard on Torts, page 134, sec. 21; Angell, sec. 144; *Dickerson* v. *Mixter,* 13 Met. 217; *Miller* v. *Bristol,* 12 Pick. 550; *Estes* v. *Wells,* 9 Cush. 487.

4. Trespass *q. c. f.* is the proper remedy.

*Frank Hobbs* (with whom were *Sawyer* and *Marston*), for the defendants.

CUSHING, C. J.   I have read with attention the elaborate arguments for the plaintiff in this case, but find myself unable to be convinced by them.    On the construction of the deed there seems no doubt.    The defendants are entitled to take the water from all the springs on the plaintiff's land, and conduct the same to the land conveyed to them by the deed, for all uses and purposes forever.    I cannot doubt that it was intended by this clause to convey the right to take all the water from all the springs if required for use on the defendants' land.

The plaintiff's counsel argues that the deed is to be construed with reference to the existing state of facts at the time of the conveyance. At that time there were no erections on the land conveyed, and no use was made of it by the defendants' grantors.    From anything that appears in the case it is not apparent that at that time there was any use for the water on the land conveyed.    If that were to be the criterion, the conveyance of the water right would have been simply nugatory. It must have been understood that the right to the water was purchased for the benefit of such business as should afterwards be carried on upon the land.

It is further contended, that the deed gives only the right to draw water from the springs.    I am not sure that I understand this point. The right to draw water from a spring, one would think, must involve the right to make all such arrangements as were needful in order to draw the water, and the right to draw all the water must imply the right to make such erections and arrangements as were necessary for that purpose.

It is further objected, that no right was given to the defendants to

pen up the water or build reservoirs; and, to sustain this view, the case of *Walker* v. *Stewart*, 18 Law Reporter (new series) 396 is cited. It appears to me that that case has no application here. From the account given of it in the argument, it would appear that in that case the quantity of water to which the party had a right was drawn in question. That quantity being regulated by the size of the pipe through which it was drawn, the court held that the quantity was limited to so much water as would run through the pipe without increasing its head by a dam. I have no doubt that the construction of that deed was correct,— but in the case under discussion the defendants have a right to all the water, if taken in good faith, to be used upon the land; and the only question is, whether the defendants have a right to use the necessary means in order to avail themselves of all the water.

The court has found that the defendants, in good faith, require all the water to be used on the land, and that they have done what is proper, and no more than what is reasonably right and proper, in order to avail themselves of it.

I understand that the adaptation of suitable means for the purpose of utilizing the water of springs is a matter of skill. Sometimes, when the water makes its appearance in a single jet or stream coming out of a hard bank, or a cleft in a rock, the arrangements may be very simple. In other places, where the water seems to be more diffused, oozing as it were out of a considerable surface, and gradually collecting into a stream, a different and more elaborate if not more complicated arrangement is required. I do not see how this case can be matter of law. I do not see how the court can ever undertake, as matter of law, to say that one arrangement is proper and another improper. It must in all cases be a matter of fact, to be determined by the application of the requisite skill and experience. This being so, and the court having found, as matter of fact, that the defendants have done nothing more than was reasonably necessary for the purpose of saving and using all the water, in good faith, required by them for their works, situated on their land, to which this right to take water was made incident by the conveyance, it appears to me that the action cannot be maintained.

" *Cuicunque aliquis, quid concedit concedere videtur et id sine quo res ipsa esse non potuit. Whoever grants a thing is supposed also tacitly to grant that without which the grant itself would be of no effect.*

" When anything is granted, all the means to attain it, and all the fruits and effects of it, are granted also, and shall pass inclusive, together with the thing, by the grant of the thing itself, without the words *cum pertinentiis*, or any such like words.

" Therefore, by the grant of a piece of ground is granted a right of way to it over the grantor's land, as incident to the grant; and, in like manner, it seems that by a reservation of the close is reserved also a right of way to it; and in the grant of trees is granted power to enter on the land to cut them down and take them away. So, where a man leases his land and all mines where there are no open ones, the lessee

may dig for the minerals; and by the grant of fish in a man's pond is granted power to come upon the banks and fish for them.

" So, it has been observed, that where the use of a thing is granted, everything is granted by which the grantee may have and enjoy such use; as, if a man gives me license to lay pipes of lead in his land to convey water to my cistern, I may afterwards enter and dig the land in order to mend the pipes, though the soil belongs to another and not to me." Brown's Legal Maxims 198, and cases cited.

The doctrine, so fully and clearly expressed in the above extract, is so well established as to be elementary. The only difficulty, if any difficulty there be, is in the application.

I cannot, however, find any real difficulty in the present case. The means used, and the interference with the land, seem to be not at all disproportionate to the importance of the right granted; and, on the whole, I feel quite clear that there should be judgment for the defendant, without the necessity of considering at all the question as to the form of action.

LADD and SMITH, JJ., concurred.

Exceptions overruled, and

*Judgment on the verdict.*